JESSE B. ANTHONY AND HENRY O. DUSENBERRY, RESPONDENTS, *v.* JAMES STYPE, APPELLANT.

*Threats by debtor to make an assignment, with preferences — what acts, accompanying such threats, show a fraudulent intent to dispose of his property.*

The papers, upon which an attachment was issued, showed that the defendant, a merchant, was indebted to the plaintiff for goods sold and delivered ; that on the plaintiffs' applying for payment defendant stated that he was insolvent ; that he was willing to turn out his goods to his creditors, if they would accept them *pro rata* on their claims, and discharge him from further liability therefor ; that if he was sued he would make an assignment with preferences, and leave those suing him out, so that they should get nothing on their claims ; it was also shown that notwithstanding his admitted insolvency, he kept his store open, and continued to dispose of his goods, and appropriated the proceeds thereof to other purposes than to the payment of his debts, refusing to pay anything, either in goods or money, to his creditors.

*Held*, that these facts showed such an attempt to fraudulently dispose of his property as to justify the issuing of an attachment.

APPEAL from an order made at Special Term, denying a motion to vacate an attachment.

*D. A. Johnson*, for the appellant.

*E. H. Neary*, for the respondents.

BOCKES, J. :

This is an appeal from the order of the Special Term, denying a motion to set aside an attachment.

The warrant of attachment was granted under, and pursuant to, section 636 of the Code of Civil Procedure, on the ground that the defendant was about to assign or dispose of his property, with intent to defraud his creditors. The motion to discharge the warrant of attachment was made on the papers used in obtaining it ; and was based on the insufficiency of those papers alone.

It was made to appear, from those papers, that the defendant was justly indebted to the plaintiffs on contract, for goods, wares and merchandise sold and delivered in the sum of $275.14, besides interest ; that the defendant had been, and still was, a merchant, doing business at Gouverneur, N. Y.; that he had become, and was, insolvent ; that the plaintiffs (through agents) called on the defendant for payment ; that he admitted his inability to meet his engagements and to pay his debts in full ; that he was willing to turn out his goods to his creditors, if they would get together and agree to take and apply them, *pro rata*, on their claims, and discharge him from further liability ; that he asserted that, if sued, he would make an assignment, with preferences, and would leave out those suing, so that they should get nothing on their claims ; that, notwithstanding his admitted insolvency, he kept his store open, continued to dispose of his goods, and appropriated the avails of sales to other purposes than to the payment of his debts, refusing to pay anything, either in goods or money, to his creditors, and declaring that he would not pay anything unless his creditors all agreed to take his goods and apply them, *pro rata*, and discharge him ; that a large number of his creditors

refused these terms, but, so far as was known, they were willing to take the goods and apply them on his indebtedness; but this he refused, and continued to dispose of them, and that he deterred his creditors from suing him on penalty of losing their claims.

It seems to me that here is abundant proof of an attempt to make a fraudulent disposition of his property. Indeed, his disposition of his property daily, appropriating the avails of sales otherwise than to the payment of his debts, was a fraud upon his creditors. He was irrevocably insolvent, yet he continued to dispose of his property, refusing to apply the avails to the use of his creditors, and threatening them with the entire loss of their claims in case they should exercise their legal right to obtain their pay. Being insolvent, his creditors had a right to the immediate application of his property in satisfaction of their claims. He refused this application, except as it was to be accompanied with unconscionable terms, and threatened an unequal distribution, to be based on an unfair discrimination. A creditor had a right to sue him, and should he do so it would give no just or honest cause for placing him where he would lose his entire claim.

It has been held that it was no evidence of fraud for an insolvent debtor to threaten an assignment, for this would but imply an equal distribution among his creditors; and equality is equity. (*Dickerson* v. *Benham*, 20 How., 343.) So, too, it has been held that a threat to give preference might not be evidence of a fraudulent intent, because in some cases this would be just and equitable. But such a threat gives suspicion of fraudulent purpose, and, with slight circumstances tending in the same direction, uphold a presumption of fraudulent intent. It was held in *Gasherie* v. *Apple* (14 Abb., 64), that a debtor cannot use the power he has of assigning his property preferentially to intimidate creditors into abstaining from pressing the remedies allowed by law to collect debts, without being chargeable with intent to defraud them. In this case, *Wilson* v. *Britton* (26 Barb., 562), is, I think, properly commented on. In *Livermore* v. *Rhodes* (27 How., 506), the debtor made threats similar to those made in this case. The court remarked that the threats evinced an intention to dispose of property so as to baffle the creditors in the speedy collection of their debts, which, of course, could only be done by

illegal means. I commend the following remarks in *Gasherie* v. *Apple* (*supra*), as sound, to wit: "The law allows a debtor to assign his property to pay his debts, and even to make preferences ; but compels him to make his selection without any conditions for personal gain to himself ; thus he cannot, by an assignment, hold out a hope of an extra share of his assets, or a fear of loss of any participation therein as a means to induce a creditor to abandon all, or any part of his claim, or to forbear pursuing his legal remedies therefor." Now, what would be fraudulent in this regard, in an assignment would be fraudulent out of it. But this case is much stronger than any cited in the books. Here it is made to appear that the defendant employed the threats stated to prevent legal action by his creditors, while he could make disposition of his goods fraudulently from day to day, for it is shown that he continued to make sales of goods, appropriating the avails to some purpose other than to the payment of his debts, refusing their payment at all either in goods or money. Here was the fraudulent act itself continued from day to day, affording absolutely conclusive evidence of the fraudulent intent charged.

The order appealed from should be affirmed, with ten dollars costs of appeal and expenses for disbursements.

BOARDMAN, J., concurred.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Order affirmed, with ten dollars costs and printing disbursements.